```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE EASTERN DISTRICT OF PENNSYLVANIA

PHILADELPHIA INDEMNITY           :      CIVIL ACTION
INSURANCE COMPANY,               :
     Plaintiff                   :
                                 :
     v.                          :
                                 :
FEDERAL INSURANCE COMPANY and    :
CHUBB CORPORATION,               :
     Defendants.                 :      No. 02-CV-7247
```

## MEMORANDUM AND ORDER

**J. M. KELLY, J.**                                       **APRIL    , 2003**

Presently before the Court is a Motion for a Protective Order filed by Defendant Federal Insurance Company ("Federal") requesting that this Court order Plaintiff Philadelphia Indemnity ("Philadelphia Indemnity") to conduct the depositions of three Federal employees in Irving, California, and not in Philadelphia, Pennsylvania, as requested by Philadelphia Indemnity.  In the interest of justice, Federal argues that Philadelphia Indemnity should bear the costs of traveling to California to depose these employees, who, if absent from work, would disrupt Federal's operations. Philadelphia Indemnity argues that these Federal employees are all officers or decisionmakers with authority to speak for Federal, and, as such, must be produced for deposition in the district in which the litigation is pending.  For the following reasons, Federal's motion is **GRANTED.**

Pursuant to Federal Rule of Civil Procedure 30(a)(1), "[a] party may take the testimony of any person, including a party, by

deposition upon oral examination without leave of court . . . . The attendance of witnesses may be compelled by subpoena as provided in Rule 45." Fed. R. Civ. P. 30(a)(1). Generally, a corporation may be examined through the deposition testimony of its officers, directors, or managing agents. <u>M.F. Bank Restoration Co. v. Elliott, Bray & Riley</u>, No. Civ. A. 92-0049, 1994 U.S. Dist. LEXIS 1362, at *2 (E.D. Pa. Jan. 11, 1994); <u>Pettyjohn v. Goodyear Tire & Rubber Co.</u>, No. Civ. A. 91-2681, 1992 U.S. Dist. LEXIS 10098, at *4 (E.D. Pa. July 8, 1992). However, those individuals without the authority to speak for the corporation are not proper party deponents absent a subpoena. <u>Pettyjohn</u>, 1992 U.S. Dist. LEXIS 10098, at *4. Thus, a party seeking to depose corporate employees must demonstrate that the intended deponents have the authority to speak for the corporation or must obtain a subpoena. <u>Id.</u> at *4.

Philadelphia Indemnity requests the deposition of Federal employees Allison Rose ("Rose"), Tony Rangel ("Rangel"), and Cynthia Zegel ("Zegel"), all of whom work in Southern California. In responding to Philadelphia Indemnity's discovery requests, Federal identifies Rose as a "D&O Claims Examiner," Rangel as an "Assistant Vice President, D&O Claims" and Zegel as a "Vice President, Manager, Specialty Claims." (Federal Mot. for Prot. Order, Ex. 1.) Philadelphia Indemnity argues that, by Federal's own admission, Rangel and Zegel are clearly corporate officers or

are otherwise able to speak on behalf of Federal, since Federal identifies both Rangel and Zegel as vice presidents, and does not suggest that either individual is not an officer.  We agree that Rangel and Zegel are corporate officers that may be deposed without a subpoena by Philadelphia Indemnity.  However, we find that Philadelphia Indemnity does not demonstrate that Rose is an employee having authority to speak for the corporation.  Although she does not have the title of an officer, Philadelphia Indemnity argues that Rose is a managing agent for Federal, thereby relieving Philadelphia Indemnity from having to obtain a subpoena in order to secure her testimony.  To support its claim, Philadelphia Indemnity points to two letters written by Rose, in her capacity as a Federal D&O Claims Examiner, to Philadelphia Indemnity that purport to make decisions regarding Philadelphia Indemnity's policy, direct investigation into its claim, and advise Philadelphia Indemnity of what information is necessary for Federal to make further determinations of coverage.  Federal contends that Rose has not been vested with the authority to make such decisions unilaterally and reports to various supervisors.

   Although the law provides no clear definition of "managing agent," it is generally understood as an individual "invested by the corporation with general powers to exercise his judgment and discretion in dealing with corporate matters."  <u>Petock v. Thomas Jefferson Univ.</u>, No. Civ. A. 84-5937, 1986 U.S. Dist. LEXIS

30246, at *21 (E.D. Pa. Jan. 21, 1986).  To determine whether an employee is a managing agent, courts consider whether the individual is: "(1) invested with power to exercise his discretion and judgment in dealing with corporate matter, (2) can be depended upon to carry out employer's direction to give required testimony, and (3) has an alignment of interests with the corporation rather than one of the other parties." M.F. Bank Restoration, 1994 U.S. Dist. LEXIS 1362, at *7.  This determination does not require an individual to possess general discretionary powers, but, rather, should be dependent "largely on functions, responsibilities and authority of the individual involved respecting the subject matters of the litigation." Id. at *8.  Although Philadelphia Indemnity contends that the correspondence written by Rose demonstrates her ability to exercise discretion and judgment on behalf of Federal, the letters reveal only that Rose was the contact person in connection with matters of coverage.  Thus, we are not satisfied that Rose had authority to act and make decisions on Federal's behalf and, therefore cannot order her to appear for a deposition in this district.

However, Federal has, nevertheless, volunteered to allow Philadelphia Indemnity to depose Rose without a subpoena.  Thus, it appears to this Court that the real dispute between the parties is whether the depositions will take place in

Philadelphia, Pennsylvania, as Philadelphia Indemnity requests, or Southern California, where the deponents are employed. Federal Rule of Civil Procedure 26(c) provides that a court in which the action is pending "may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . that the disclosure or discovery may be had only on specified terms and conditions, including a designation of the time or place."  Fed. R. Civ. P. 26(c)(2).  Usually, a party seeking discovery may set the place where the deposition will take place, subject to the power of the courts to grant a protective order designating a different location.  County Council of Northampton County v. SHL Systemhouse Corp., No. Civ. A. 98-0088, 1999 U.S. Dist. LEXIS 5852, at *8 (E.D. Pa. Apr. 20, 1999); Generale Bank Nederland N.V. v. First Sterling Bank, No. Civ. A. 97-2273, 1997 U.S. Dist. LEXIS 20040, at *5 (E.D. Pa. Dec. 17, 1997); Trans Pacific Insurance Co. v. Trans-Pacific Insurance Co., 136 F.R.D. 385, 392 (E.D. Pa. 1991).  "The court has considerable discretion in determining the place of a deposition, may consider the relative expenses of the parties and may order that expenses be paid by the opposing party."  Generale Bank, 1997 U.S. Dist. LEXIS 20040, at *5; see also White v. Chrysler Corp., No. Civ. A. 93-5535, 1994 U.S. Dist. LEXIS 20040, at *2 (E.D. Pa. Apr. 4, 1994); Simkins Corp. v. Wahnschaff Corp.,

No. Civ. A. 85-6704, 1986 U.S. Dist. LEXIS 29816, at *3 (E.D. Pa. Jan. 31, 1986).  Furthermore, the deposition of a corporate officer or employee should usually take place at the corporation's principal place of business or, as other courts have held, at his place of business or employment.  <u>Generale Bank</u>, 1997 U.S. Dist. LEXIS 20040, at *4; <u>White</u>, 1994 U.S. Dist. LEXIS 4118, at *2; <u>Simkins Corp.</u>, 1986 U.S. Dist. LEXIS 29816, at *3.

Since Philadelphia Indemnity is a large corporation capable of bearing the financial burden of traveling to California, and no equitable considerations weigh in favor of compelling these Federal employees to travel to this district, we see no reason to depart from this general rule.  Thus, considering the fact that some of Federal's corporate records pertinent to this case, which Philadelphia Indemnity would likely request, are located in Southern California and that Federal's corporate operations would be disrupted by the absence of these employees, Philadelphia Indemnity should bear the cost of traveling to California to conduct these depositions.  Accordingly, we grant Federal's motion and order that the deposition of Rose, Rangel and Zegel shall take place in Irving, California, where these Federal employees are employed.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PHILADELPHIA INDEMNITY | : | CIVIL ACTION |
| INSURANCE COMPANY, | : | |
|     Plaintiff | : | |
| | : | |
|     v. | : | |
| | : | |
| FEDERAL INSURANCE COMPANY and | : | |
| CHUBB CORPORATION, | : | |
|     Defendants. | : | No. 02-CV-7247 |

**O R D E R**

**AND NOW**, this          day of April 2003, in consideration of the Motion for a Protective Order filed by Defendant Federal Insurance Company ("Federal") (Doc. No. 16), the Response of Plaintiff Philadelphia Indemnity Insurance Company (Doc. No. 20) and Federal's reply thereto (Doc. No. 23), it is **ORDERED** that Federal's Motion is **GRANTED.**

BY THE COURT:

_____
JAMES McGIRR KELLY, J.